IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LENA PEARL WILLIAMS                                                                PLAINTIFF

vs.                                      Civil No. 6:10-cv-06076

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Lena Pearl Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background**

On October 13, 2010, Plaintiff filed her Complaint in this matter. ECF No. 1. Thereafter, on December 16, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. ECF No. 4. With this Motion, Defendant claims Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies prior to filing this case. *Id.* Defendant claims the SSA denied reconsideration of Plaintiff's claim for a period of

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

1

disability and DIB on February 19, 2009. *Id.* ¶ 2. Defendant claims Plaintiff then had sixty days plus five days for mailing to request a hearing before the ALJ. *Id.* Defendant claims Plaintiff did not request a hearing until February 23, 2010. *Id.* Defendant claims Plaintiff failed to timely request a hearing in this matter and failed to exhaust her administrative remedies. *Id.* Thus, Defendant claims this Court does not have jurisdiction over this case. *Id.*

In response, Plaintiff acknowledges there has been no administrative hearing in her case. ECF Nos. 1,6. Instead, Plaintiff claims she timely requested a hearing on March 2, 2009. *Id.* She claims that even though she timely submitted her hearing request, a hearing was never granted. *Id.* Plaintiff requests her case be remanded to the SSA for further administrative proceedings, including an administrative hearing in this matter. *Id.*

**2. Discussion**

The subject matter jurisdiction of this Court is based upon 42 U.S.C. § 405(g). Pursuant to this provision, a individual may only appeal a "final decision of the Commissioner of the Social Security" which is "*made after a hearing* to which he [the individual] was a party." (emphasis added). In this case, it is undisputed Plaintiff has not been a party to an administrative hearing.

Thus, the decision by the SSA is not "final," and this Court does not have jurisdiction over this case. *See Sheehan v. Sec'y of Health, Ed. & Welfare,* 593 F.2d 323, 325 (8th Cir. 1979) (noting that the U.S. Supreme Court has specifically held that federal courts can only review the decisions of the SSA in accordance with 42 U.S.C. § 405(g)) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). Indeed, this Court cannot ignore the exhaustion requirement even if it appears that the failure to exhaust "was not intentional" as appears to be the case here. *See id.*

**3. Conclusion**

Based on the foregoing, the undersigned finds that this Court does not have subject matter jurisdiction over this case under 42 U.S.C. § 405(g).  As such, this case must be dismissed with prejudice.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of January, 2011.**

/s/  Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE